Mandana Jafarinejad, Esq. (SBN 273904)
mandana@mjintellectualproperty.com
Law Offices of Mandana Jafarinejad, P.C.
1 Park Plaza, Suite 600
Irvine, California 92614
Telephone: (949) 833-7125

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| THE PERFECT PART, INC., a California Corporation; <br><br> Plaintiff, <br><br> v. <br><br> 4PAWS PET SUPPLIES, INC., a California corporation; Sunil Naidu, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No: 8:23-cv-00103 <br><br> **COMPLAINT FOR:** <br><br> 1. **Declaratory Judgment of Non-Infringement of Copyright** <br> 2. **Unfair Competition** <br> 3. **Defamation- Libel** <br> 4. **Defamation Per Se** <br> 5. **Business Disparagement/ Trade Libel** <br> 6. **Tortious Interference with Prospective Economic Advantage** <br> 7. **False Light by Written Publication** <br> 8. **Preliminary and Permanent Injunction** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff The Perfect Part, Inc. (hereinafter "Plaintiff"), by and through its attorney of record, brings this suit against Defendants and alleges as follows:

## PARTIES

1.      Plaintiff is, and at all times mentioned was, a California corporation headquartered in North Hollywood, California.

2.      Defendant 4Paws Pet Supplies, Inc. (hereinafter "4Paws Pet Supplies") is a California corporation headquartered in Irvine, California.

3.      Defendant Sunil Naidu, upon information and belief, was at all times relevant hereto, a competent adult over the age of eighteen years, and a resident of Orange County, California.

4.      Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct herein alleged of the Defendants sued herein as Does 1 through 10, inclusive, but on information and belief alleges that said Defendants are legally responsible for it. Plaintiff will amend this complaint to allege the true names and capacities of the Doe Defendants when ascertained.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 101, *et seq.*  The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a) as those claims are so related to Plaintiff's federal claim that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.      This Court has personal jurisdiction over 4Paws Pet Supplies because, it is a California corporation headquartered in Irvine, Orange County, California and this lawsuit arises out of wrongful conduct, which occurred in the County of Orange, California.

7.      This Court has personal jurisdiction over Defendant Sunil Naidu because, on information and belief, Defendant Naidu is a resident of California,

and this this lawsuit arises out of Defendant Naidu's purposeful and unlawful conduct knowingly directed to Plaintiff within the State of California and this District.

8.     Venue is further proper in this District under 28 U.S.C. § 1391 (b)(2) because the acts, liabilities, and events claimed in this action arose in and were directed at Plaintiff within this District, in Orange County.  Venue is also proper in this district under 28 U.S.C. § 1391 (b)(1) because Defendants reside in this district.

## **GENERAL ALLEGATIONS**

9.     For over 18 years, Plaintiff has been a retail seller on Ebay.com.  The Perfect Part purchases products directly from manufacturers and wholesalers to sell to consumers around the world.  During this time, because of Plaintiff's professional service and quality products, Plaintiff has developed a reputation as a top seller on the platform.

10.     On or about October 22, 2022, Plaintiff received a notification from Ebay.com's seller's portal stating that a complaint for copyright infringement was submitted regarding photos used by the Plaintiff in its advertisements for Plaintiff's dog harness product.  *See Exhibit 1*.

11.     Plaintiff receives all images for every product it sells on Ebay.com from its manufacturer.  Plaintiff immediately contacted the manufacturer to notify them of the complaint and was assured that the copyright for the images used belongs to the manufacturer.  As a customer, Plaintiff was authorized to use the images for the purpose of advertising the product in question on their website, as well as on third party websites.  In fact, many of the manufacturer's other customers use the exact same manufacturer's photos in their own online advertisements. *See Exhibit 2*.

12.    Plaintiff notified Ebay.com that the allegations of copyright infringement were false and that the manufacturer has confirmed that they are in fact the copyright holder of the images in question. Further, Plaintiff notified Ebay.com that it has confirmed with the legitimate copyright holder that The Perfect Part is authorized to use these images to resell their products on retail websites.  Because of the parties' longstanding relationship, and The Perfect Part's outstanding professional reputation as a top seller, Ebay.com agreed to allow the product posting to remain active.

13.    On or about November 1, 2022, Ebay.com again contacted The Perfect Part to notify Plaintiff that it had received an onslaught of complaints from the same party claiming, under penalty of perjury, that the Plaintiff is once again infringing on their copyright.  Plaintiff obtained a copy of the complaints and determined that the complaining party was not the copyright holder, but instead was a competitor who is selling the same products using the same images that were provided by Plaintiff's manufacturer.

14.    Plaintiff notified Ebay.com that the complaining party is in fact a competitor who is using the same images from Plaintiff's manufacturer and is not the copyright owner.  Representatives at Ebay.com informed Plaintiff that because of the company's automated systems, the sheer volume of complaints has resulted in a lower ranking of Plaintiff's product posts.  Ebay.com representatives further advised that Plaintiff, as a Verified Rights Owner Program participant, file a Counter-Notice to the complaining party certifying under penalty of perjury that the images at issue are not infringing materials, consenting to federal jurisdiction and service of process, and requiring that the Defendants file a complaint in federal court within 10 days, otherwise the listing will be reinstated.   On November 16, 2022, Plaintiff filed their Counter-Notice.   *See Exhibit 3.* Defendants did not respond.

15.    On or about November 17, 2022, Plaintiff contacted Defendants directly to discuss the alleged copyright infringement and any rights Defendants may have been assigned by the manufacturer.  Defendants did not respond.  *See Exhibit 4.*

16.    On November 21, 2022, Plaintiff was again notified that the Defendants filed multiple complaints alleging copyright infringement against Plaintiff, and, as a result, Plaintiff's product listing was removed.  Plaintiff immediately contacted representatives at Ebay.com and the Defendants in regard to the unauthorized claims of copyright infringement.  In response, Defendant Naidu replied by stating "You can see our listing and the photos that you have not taken yourselves are not your photos".  Plaintiff again attempted to clarify Defendant's rights to the images at issue, but Defendants did not respond.  *See Exhibit 5.*

17.    On December 9, 2022, Plaintiff was notified that Defendants did not respond to the counter-notice.  *See Exhibit 6.*  On December 5, 2022, Plaintiff's counsel contacted the Defendants to inform them of the present action, however Defendants have not expressed an interest in resolving this matter short of litigation. *See Exhibit 7.*

18.    On January 9, 2023, Defendants contacted Plaintiff's counsel and inferred that the copyright issue between the parties is not related to any images reproduced by the Plaintiff, as originally alleged to Ebay.com.  Defendants now appear to claim that the allegation of infringement is related instead to the product description and the similarities between the listings.  Plaintiff's counsel responded by attempting to clarify the allegations made by Defendants, however Defendants have been unwilling to provide any evidence related to any relevant copyright ownership interest or infringement thereof.  *See Exhibit 8.*

///

# FIRST CLAIM FOR RELIEF

## Declaratory Judgment of Non-Infringement of Copyright

### (Against All Defendants)

19.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

20.     An actual controversy now exists between the parties as to their respective rights and responsibilities with respect to the photographs at issue.

21.     Plaintiff has allegedly engaged in certain acts that Defendants allege infringes on their copyright ownership and Plaintiff denies that it has infringed any copyright ownership allegedly held in the images at issue.

22.     Defendants allege the Plaintiff infringed their copyright by using the images at issue in their product advertisements.

23.     Plaintiff has not used any photograph owned by the Defendants.  Any image reproduced by the Plaintiff in its advertisements has been used with the express written permission of the copyright holder as a part of the product purchase agreement.

24.     To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty that Defendants's false allegations have precipitated, Plaintiff is entitled to a Declaratory Judgment stating that Plaintiff has not taken any action that may be considered copyright infringement of the images at issue.

25.     Plaintiff has suffered, and continues to suffer, substantial actual damages as a result of Defendants' actions.

26.      Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by the court.

///

///

## SECOND CLAIM FOR RELIEF

### Unfair Competition- Cal. Bus. & Prof. Code §17200 Et Seq.

### (Against All Defendants)

27.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

28.    Defendant's conduct in submitting meritless "complaints", even after being initially rejected, to third-party e-commerce platforms in order to specifically harm Plaintiff in complete disregard of Plaintiff's rights and at Plaintiff's expense, is unlawful, unfair, and this constitutes unfair competition pursuant to California Business and Professions Code §17200.

29.    Defendant's conduct in disrupting Plaintiff's business, and actions stemming therefrom, in order to specifically harm Plaintiff in complete disregard of Plaintiff's rights and at Plaintiff's expense, is unlawful, unfair, and thus constitutes unfair competition pursuant to California Business and Professions Code §17200.

30.    As a proximate result of Defendant's conduct, Plaintiff has been damages, and will continue to be damaged unless Defendants are enjoined from making meritless accusations against Plaintiff to third-party e-commerce platforms.

31.    Defendant's conduct is extreme, outrageous, and was undertaken in reckless disregard of Plaintiff's rights.  Such conduct supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter it from similar conduct in the future.

///

///

///

///

### THIRD CLAIM FOR RELIEF

**Defamation – Libel**

**(Against All Defendants)**

32.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

33.    Defendants' statements posted on the aforementioned ecommerce site are defamatory.

34.    Defendants published or caused these defamatory statements to be published by submitting false statements of infringement, under penalty of perjury, to Ebay.com.

35.    Defendants false and defamatory statements were of and concerning Plaintiff, and contained false statements that Plaintiff engaged in illegal activity resulting in lost profits, decreased business traffic, and adverse consequences.

36.    Defendants false and defamatory statements were published with the intent to harm Plaintiff's good name and reputation by falsely accusing Plaintiff of theft and unethical business practices.

37.    Defendants published these false and defamatory statements with actual malice and knowledge that the statements were false, or with reckless disregard to whether they were false or not.

38.    Defendants continues to engage in the publication of further defamatory statements of Plaintiff.

39.    The false and defamatory statements published by Defendants have remained available to one of the largest ecommerce websites on the internet. Plaintiff has no means of removing these false and defamatory statements from the Ebay.com platform, nor have Defendants made any effort to remove them.

40.     In carrying out the conduct, Defendants acted negligently, willfully, maliciously, and/or with reckless indifference to the consequences of their actions against Plaintiff.

41.     As a direct and proximate result of Defendants intentional and malicious publication of false and defamatory statements, Plaintiff has been and will continue to be damaged and injured in its character and reputation.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**Defamation Per Se**

**(Against All Defendants)**

42.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

43.     Defendants statements submitted to the aforementioned ecommerce website are defamatory per se.

44.     Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause external statements of defamation, of and concerning Plaintiff, to be communicated to third persons and to the online retail community. These false and defamatory statements included express and implied statements that portrayed Plaintiff as persons who lie and steal.  The statements were designed to harm Plaintiff's business, when the reality is that Defendants have lied about the Plaintiff. Defendants' false statements expressly and impliedly state that Plaintiff is engaging in copyright infringement, an illegal business practices.

45.     Defendants conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited dissemination of defamatory statements to be published on the aforementioned online ecommerce website, of and concerning Plaintiff, to third persons, who had no need or desire to know. All of the third person(s) to whom these Defendants disseminated false information

are believed to include `members of the online retail ecommerce community, but are unknown to Plaintiff at this time.

46.    Defendants false and defamatory statements were of and concerning Plaintiff, and contained false statements that Plaintiff was unfit for its business resulting in lost profits, decreased business traffic, and adverse contractual consequences.

47.    Defendants false and defamatory statements were published with the intent to harm Plaintiff's good name and reputation by falsely accusing Plaintiff of theft and unethical business practices. The defamatory meaning of all of the above-described false and defamatory statements, and their reference to Plaintiff, were understood by other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

48.    Defendants published these false and defamatory statements with actual malice and knowledge that the statements were false, or with reckless disregard to whether they were false or not.

49.    Defendants continue to engage in the publication of defamatory statements concerning Plaintiff.

50.    The false and defamatory statements published by Defendants regarding Plaintiff have remained available to Ebay.com.  Plaintiff has no means of removing these false and defamatory statements.

51.    The defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes defamatory statements will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

52.    In carrying out the aforementioned conduct, Defendants acted negligently, willfully, maliciously, and/or with reckless indifference to the consequences of their actions against Plaintiff.

53.    The statements being made by Defendants about Plaintiff are defamatory and libelous per se. The statements tend to be injurious to Plaintiff in its trade and profession. The statements are not about a private individual and do not relate to a matter of public concern.

54.    As a direct and proximate result of Defendants intentional and malicious publication of false and defamatory statements, Plaintiff has been and will continue to be damaged and injured in character and reputation.  Plaintiff has suffered injury to its business, and professional reputation, including economic loss in the form of lost contractual income and future earnings.

55.    Defendant's defamatory statements were a substantial factor in causing Plaintiff harm.

## FIFTH CLAIM FOR RELIEF

### Business Disparagement/Trade Libel

### (Against All Defendants)

56.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

57.    Defendants' statements posted on the aforementioned ecommerce marketplace constitute trade libel.

58.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, made a false, disparaging, and defamatory statement regarding Plaintiff's business or services and that Defendants knew such statements were false at the time they were made.

59.    Defendants' statements relating to Plaintiff were intentionally made in order to injure Plaintiff's business, business reputations, and ability to provide

professional services, or should have been recognized by Defendants as being likely to cause harm to Plaintiff.

60.    As a result of such business disparagement, Plaintiff has suffered actual pecuniary damage in lost prospective business with existing and potential clients that were deterred from doing business with Plaintiff in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF

**Tortious Interference with Prospective Economic Advantage**

**(Against All Defendants)**

61.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

62.    By the acts alleged herein, Defendants tortiously and intentionally interfered with Plaintiff's prospective economic advantages by, among other things, disparaging and defaming Plaintiff in the marketplace for the purpose of preventing third parties from doing business with Plaintiff.

63.    As a direct, proximate and foreseeable result of the conduct described above, Plaintiff has suffered and continues to suffer substantial losses and other damages in the precise amount to be proven at trial.

64.    Because the aforementioned acts of Defendants were willful, oppressive, fraudulent and/or malicious, Plaintiff is entitled to exemplary damages pursuant to Civil Code § 3294 in an amount to be ascertained at the time of trial.

65.    Defendants' wrongful conduct, unless and until enjoined and restricted by order of this Court, will cause great and irreparable injury to Plaintiff in that it will interfere with prospective business opportunities.  Plaintiff have no adequate remedy at law for these injuries. The damage to business relations and the loss of potential business opportunities cannot be adequately compensated in monetary damages.

66.     Unless and until enjoined by this Court, Defendants' conduct will continue.     Accordingly,     an     injunction     is     necessary     to     prevent     further misappropriation to Plaintiff.

### SEVENTH CLAIM FOR RELIEF

**False Light by Written Publication**

**(Against All Defendants)**

67.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

68.     The utterances of Defendants were published online on Ebay.com's vendor complaint department.  This platform are used by millions of users each day for the purpose of determining which businesses to engage for particular products or services.

69.     Plaintiff asserts that, while defamation concerns statements that are actually false, false light is about false implications. Here, Defendants by their utterances, republished in writing on at least the Ebay.com online vendor complaint forum, implied that Plaintiff stole their product images, engages in unethical business practices, and falsely published and disseminated that Plaintiff is unfit for its business.

70.     Defendants' statements implied dishonesty, deceitfulness, and falsity which placed Plaintiff in a false light.

71.     As a result of Defendants' implications of dishonesty, Plaintiff's integrity and honesty have been questioned and attacked.

72.     Further, the implications of dishonesty were displayed in the sight and observation of all who use and have seen the complaint, which meets the threshold requirement of publication.

73.     As a direct and proximate result of Defendants' tortious implication of dishonesty, which was published and circulated online and to several different

individuals, Plaintiff was caused to suffer damages as may be proven at the time of trial.

74.    Plaintiff asserts that the conspiratorial activities of the Defendants, and each of them, were willful, and done with malice intended to injure the Plaintiff. Defendants above-described conduct was done with a conscious disregard of the rights of the Plaintiff and with the intent to cause Plaintiff serious injury and damage.

75.    Defendants were at all times relevant herein, aware of the probable consequences of their conduct but, nevertheless, willfully and deliberately failed to avoid but caused the consequences thereof. The conduct, thus, constituted malice, fraud, and despicable conduct and Plaintiff is, therefore, entitled to recover punitive damages in an amount subject to proof at trial appropriate to punish and deter others from engaging in similar conduct.

## EIGTH CLAIM FOR RELIEF

### Preliminary and Permanent Injunction

### (Against All Defendants)

76.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

77.    Upon information and belief, some or all of the improper and unlawful conduct of Defendants alleged above is continuing and will continue in the future absent injunctive relief from the Court, and Plaintiff will continue to be damaged by the same.

78.    In the absence of the entry of a preliminary and permanent injunction by the court, Plaintiff will suffer serious and irreparable harm and injury, including but not limited to damage to it's reputation.

79.     The entry of a preliminary and permanent injunction will not unduly harm or burden Defendants because he is required as a matter of law to refrain from disseminating defamatory statements regarding Plaintiff.

80.     Further, public policy favors the entry of a preliminary and permanent injunction because, inter alia, such relief will prevent unlawful conduct and will preserve and protect Plaintiff's reputation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that a Declaratory Judgment be Entered in its favor and against Defendants, and for a Judgment in favor of Plaintiff as set forth below:

1.     For a Declaratory Judgment that Plaintiff has not infringed any Copyrights owned by Defendants;

2.     For an Injunction Ordering that Defendants cease all activities that interfere with Plaintiff's legitimate business interests;

3.     For preliminary and permanent injunctions to be issued out of this Court restraining Defendants from disseminating any further false and defamatory statements or misrepresentations regarding Plaintiff;

4.     For an award of restitution sufficient to compensate Plaintiff for its economic costs taken as a result of Defendant's unlawful actions;

5.     For compensatory damages in excess in an amount to be proved at the time of trial;

6.     For punitive damages;

7.     For costs and attorney's fees, investigatory fees, and costs and expenses; and

8.     For any other such relief as the Court may deem just and proper.

Dated: January 17, 2023                    Law Offices of Mandana Jafarinejad, P.C.


                                           By: /s/ Mandana Jafarinejad
                                           Mandana Jafarinejad, Esq.
                                           Attorney for Plaintiff