Mandana Jafarinejad (SBN 273907)
mandana@mjintellectualproperty.com
**Law Offices of Mandana Jafarinejad** 1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 833-7125

Attorney for Plaintiff

Ranjan A. Lahiri(SBN 232531)
rlahiri@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Telephone: (949) 757-4500

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

THE PERFECT PART, INC., a California Corporation,

      Plaintiff,

    v.

4PAWS PET SUPPLIES, INC., a California corporation; SUNIL NAIDU, an individual; and DOES 1 through 10, inclusive,

      Defendant.

Case No. 8:23-cv-00103-MRA-DFM

**STIPULATED PROTECTIVE ORDER**

Hon. Monica Ramirez Almadani

Plaintiff, THE PERFECT PART, INC., a California Corporation, and Defendants 4PAWS PET SUPPLIES, INC., a California corporation, and SUNIL NAIDU, an individual, (collectively "Parties") by and through their counsel of record hereby agree and stipulate as follows:

The Parties, recognizing that each may have materials containing trade secret or other confidential research, technical, cost, price, sales, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of the Stipulated Protective Order as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties also affirm that they have not withheld from production any documents or refused to produce documents that are not protected by this Stipulated Protective Order in response to initial disclosures or prior written discovery.

## I.    GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information

implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the production of information and documents through discovery, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should be protected by a protective order and not be part of the public record of this case.

## II.    ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

In accordance with Local Rule 79-5, if any papers to be filed with the Court contain information and/or documents that have been designated as confidential, the proposed filing shall be accompanied by an application to file papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal. The parties further acknowledge that Local Rule 79-5.2.2(b) sets forth the procedures to be followed when filing papers containing

confidential information or documents designated by another party including notice to the designating party at least 3 days before filing.

### III.    PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3 below, that this Protective Order does not authorize filing protected materials under seal.

### IV.    DEFINITIONS

4.1.    **Action**: this pending federal law suit.

4.2.    **Challenging Party**: a Party that challenges the designation of information or items under this Order.

4.2.    **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies information or materials used by the Designating Party in or pertaining to its business, which information or materials are not generally known and which the Designating Party would not normally reveal to third parties or would require third parties to maintain in confidence, and any other information that would qualify for protection under Federal Rule of Civil Procedure 26(c).

4.3.    **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.4. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.5. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

4.6. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: Material or information, whether tangible or intangible, that is extremely sensitive and disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including, but not limited to: (1) technical information such as product design, formulation, composition, or structure; (2) information within the definition of trade secret provided by state or federal law; (3) formulae, algorithms, or source code; (4) research, development or clinical information, including, without limitation, information related to methods, processes, and techniques; (5) customer, collaborator, or vendor lists; (6) sales, cost, pricing, licensing fees and royalties, or other financial information or records; (7) plans for strategic initiatives, marketing plans, research or business plans or strategies; (8) any other information that contains the Designating Party's trade secrets, know-how, unpatented inventions, or other confidential research, development, clinical or commercial, personal, health, and/or financial information of a highly sensitive nature; or (9) any other information that may cause significant harm to,

and/or breach the privacy of, the Designating Party or its obligations to third parties if disclosed to persons other than those described in Section 9 (ACCESS TO AND USE OF PROTECTED MATERIAL) below.

4.7. **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4.8. **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated (e.g., partner, associate, of counsel, etc.) with a law firm that has appeared in this Action on behalf of that party. Outside Counsel of Record includes support staff within the law firm to which such appearing attorneys are affiliated.

4.9. **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

4.10. **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.11. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.12. **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.13. **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.14. **Requesting Party**: the Party that served the discovery request seeking the information or documents at issue.

## V.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## VI.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court shall retain jurisdiction to enforce this Order during and beyond final disposition of this Action.

## VII.  DESIGNATING PROTECTED MATERIAL

7.1.  **Exercise of Restraint and Care in Designating Material for**

**Protection**. Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection under this Order– so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

7.2. **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL – AEO" as space permits) to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must within five (5) business days, determine which documents, or portions thereof, qualify for protection under this Order, and produce the responsive documents. , Before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) **for testimony given in deposition**, that the Designating Party identify all protected testimony and specify the level of protection being asserted either on the record or within five (5) business  days of receiving the official transcript. Unless the Designating Party agrees otherwise, the entirety of such testimony shall be automatically treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of five (5) business days days from receipt of an official transcript of such testimony.  If no protection is sought by a Party within the five (5) business day period period, the testimony will not be designated as or considered either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on

the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) **for information produced in some form other than documentary and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL–AEO" as space permits). If that matter is stored or recorded electronically (including databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material. Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3.  **Inadvertent Failures to Designate**. An inadvertent failure to designate as Protected Material qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of such inadvertent failure the Designating Party must promptly correct the designation and provide notice to the Receiving Party, who must make reasonable efforts to assure that the material is treated as Protected Material.

The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner: (a) the Producing Party must give

prompt, written notice to Outside Counsel of Record for the Party to whom such documents, testimony, or other information have been disclosed informing them that the information produced is designated Protected Material; (b) Outside Counsel of Record receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and (c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

### VIII.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

a.    Objections to Designation.  If, after a party receives information designated as "Confidential," it appears to the receiving party that such information is not entitled to the protections afforded under this Protective Order, such receiving party shall first notify counsel of record for the designating party in writing within seven (7) business days of receiving any such designations. When notice of such objection is received, counsel shall promptly meet and confer in good faith in attempt to resolve the matter.

If counsel are unable to reach an agreement through the meet and confer process, the party challenging the designation may proceed with moving papers and the procedures set forth in Local Rule 37-2. Any motion brought pursuant to this provision must be accompanied by a declaration that complies with Local Rule 37-1.

b.    A party may seek to eliminate and/or change a confidentiality designation at any time.  No party to this action shall be obligated to challenge the propriety of any designation by any other party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or

-10-

any other action of the propriety of such designations.  Any information that has been produced and designated as "Confidential," but is subject to a dispute as to the information's proper designation, shall be treated as "Confidential" pending the resolution of the dispute.

### IX.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1.    **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Furthermore, nothing in this Order is intended nor shall be construed as interfering with or affecting the right of counsel to communicate with their clients pertaining to information that is contained in "Confidential" documents.

9.2.    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party, and their support staff, if any, to whom disclosure is reasonably necessary for this litigation

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants and mock jurors who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties; and

(i) at a deposition or hearing, the attorney for a witness who is shown the information or item.

9.3.   **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) those persons listed in Section 9.2(a), (d)-(i) to whom disclosure is reasonably necessary for this litigation and

(b) Experts as set forth in Section 9.2(c) above as long as the Expert is not a past or current officer, director, owner, member, partner, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee of a Party or a competitor of a Party and the Expert signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## X.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## XI.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced

by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Producing Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Producing Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XIII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the California Rules of Professional Conduct.

A Producing Party must promptly notify the Receiving Party, in writing, that it has inadvertently disclosed Protected Information. Within five (5) business days of such notification, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies.  If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned.  The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.  If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or

immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court.  If a Party becomes aware that it has received documents that are clearly privileged, the Party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within 10 days after being advised of the inadvertent production.  If the Producing Party does not request return or destruction of the identified privileged documents within this 10 day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

## XIV.    MISCELLANEOUS

14.1.  **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.  **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.  **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. No document may be filed with the Court under seal without prior approval by the Court with respect to each such filing after following the Court's guides, rules and orders regarding filing documents under seal, including filing an Application for Leave to File Under Seal as set forth in Local Rule 79-5. In accordance with Local Rule 79-5, if any papers to be filed with the Court contain information and/or documents that have been designated as confidential, the

proposed filing shall be accompanied by an application to file papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal. The parties further acknowledge that Local Rule 79-5.2.2(b) sets forth the procedures to be followed when filing papers containing confidential information or documents designated by another party including notice to the designating party at least 3 days before filing.

The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

## XV.   ADMISSIONS AND WAIVERS.

Neither the entry of this Order, nor the designation of any information or documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information. Nothing in this Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence.

## XVI.   FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 6 each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit

a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, written discovery responses, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

IT IS SO ORDERED

DATED: September 3, 2024

Hon. Douglas F. McCormick
United States Magistrate Judge

**SO STIPULATED BY:**

Dated:  August 30, 2024        By: */s/ Mandana Jafarinejad*
                                          Mandana Jafarinejad
                                          Law Offices of Mandana Jafarinejad, P.C.
                                          1 Park Plaza, Suite 600
                                          Irvine, CA 92614
                                          Phone: (949) 833-7125

                                          Counsel for Plaintiff

Dated:  August 30, 2024        By: */s/Ranjan A. Lahiri*
                                          Ranjan A. Lahiri
                                          WOOD, SMITH, HENNING & BERMAN LLP
                                          6A Liberty Street, Suite 200
                                          Aliso Viejo, California 92656
                                          Phone: 949-757-4500

                                          Counsel for Defendants

### EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address] acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *The Perfect Part, Inc. v. 4Paws Pet Supplies, Inc., et al.*, No. 8:23-cv-00103-MRA-DFM.  Having read and understood the terms of the Stipulated Protective Order, I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____